**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANGELA HORTON,

    Plaintiff,

v.                                                                          Case No. 19-13702

CITY OF DETROIT and
CLAUDINE PARKER-SMITH,

    Defendants.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE
PLAINTIFF'S ASSAULT AND BATTERY CLAIM**

Plaintiff Angela Horton filed a complaint alleging the following counts against Defendants City of Detroit and Detroit police officer Claudine Parker-Smith:

    (1) Count I: 42 U.S.C. § 1983 claim against Defendant Parker-Smith for excessive force in violation of the Fourth Amendment;

    (2) Count II: 42 U.S.C. § 1983 municipal liability claim against Defendant City of Detroit;

    (3) Count III: state law claim for assault and battery.[1]

Counts I and II allege federal claims over which the court has original jurisdiction. *See* 28 U.S.C. § 1331. Count III is a state law claim. Since Plaintiff's federal and state law claims arise out of the same incident and share common operative facts, the court is permitted to exercise supplemental jurisdiction over the state law claim. *See* 28 U.S.C. § 1367. However, for the reasons explained below, exercising supplemental

---

    1. The assault and battery claim is erroneously labeled as "Count IV" in the complaint.

jurisdiction over Plaintiff's state law claim would not promote judicial economy, the convenience of the parties, fairness, or comity. Therefore, the court will dismiss the state law claim without prejudice.

## I. BACKGROUND

Plaintiff alleges that May 3, 2018, while walking home, she stopped to rest on the porch of an abandoned house near Palmer Street in Detroit, Michigan. (ECF No. 1, PageID.7.) While she was resting, she claims that Defendant Parker-Smith exited a nearby house, identified herself as a police officer, and told Plaintiff to leave the property. (*Id.* at PageID.8.) Plaintiff asserts that when she began to leave the property, Defendant Parker-Smith attempted to run her over with her vehicle multiple times and fired a gunshot in her direction in attempts to frighten Plaintiff. (*Id.*) Plaintiff attempted to flee but alleges that Defendant Parker-Smith followed her and ultimately shot her in the left leg, resulting in a fracture to Plaintiff's tibia and fibula. (*Id.* at PageID.9.)

Plaintiff brings this action against Defendant Parker-Smith in her individual and official capacity. Defendant City of Detroit removed this action from state court and indicates in its answer its intent to raise, among other defenses, the doctrines of absolute, qualified, and governmental immunity. (ECF No. 2, PageID.25–26.)

## II. DISCUSSION

A federal court may exercise supplemental jurisdiction over each claim in an action that shares a common nucleus of operative facts with a claim that invokes the court's original jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966). However, the federal court need not exercise its authority to invoke

supplemental jurisdiction in every case in which it is possible to do so. *Id.* at 726. Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *Id.* Justification for this doctrine "lies in considerations of judicial economy, convenience, and fairness to litigants." *Id.* Therefore, "[i]n deciding whether to exercise supplemental jurisdiction . . . a judge must take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Senra v. Smithfield*, 715 F.3d 34, 41 (1st Cir. 2013). If these considerations are not present, "a federal court should hesitate to exercise jurisdiction over state claims." *Gibbs*, 383 U.S. at 726. Additionally, supplemental jurisdiction may be denied "if the federal claims are dismissed before trial," if "it appears that the state issues subsequently predominate," or "if the likelihood of jury confusion" would be strong without separation of the claims. *Id.* at 726–27.

28 U.S.C. § 1367 authorizes the federal court to exercise supplemental jurisdiction. A court has the discretion to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) if:

(1) the claim raises a novel or complex issue of state law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Subsections two and four are relevant to the present action.

### A. Dismissal Under 28 U.S.C. § 1367(c)(2)

A district court may decline to exercise supplemental jurisdiction pursuant to

§ 1367(c)(2) if "the [state] claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). Where "the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Gibbs*, 383 U.S. at 726–27. The state claim presented here raises problems, including the need to introduce evidence inapplicable to the evidence relevant to the federal claims, the presence of disparate legal theories on both claims and defenses, and the need to create expanded and contradictory jury instructions. For these reasons, the state claim presented in this action would predominate over the § 1983 federal claims over which the court has original jurisdiction. Therefore, under 28 U.S.C. § 1367(c)(2), the court will not exercise supplemental jurisdiction and will dismiss without prejudice the state claim for assault and battery.

## B. Dismissal Under 28 U.S.C. § 1367(c)(4)

A district court may decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(4) if, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." "Congress's use of the word 'other' to modify 'compelling reasons' indicates that what ought to qualify as 'compelling reasons' for declining jurisdiction under subsection (c)(4) should be of the same nature as the reasons that gave rise to the categories listed in subsections (c)(1)–(3)." *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res v. Powerex Corp.*, 533 F.3d 1087 (9th. Cir. 2008).

4

### 1. "Compelling Reasons" for Dismissing Plaintiff's State Law Claim

For the purposes of § 1367(c)(4), compelling reasons "should be those that lead a court to conclude that declining jurisdiction best accommodates the values of economy, convenience, fairness, and comity." *Id.* at 1557. The circumstances of the particular case, the nature of the state law claim, the character of the governing state law, and the relationship between the state and federal claims (including the possibility of jury confusion) inform a decision to exercise or decline supplemental jurisdiction. *Gibbs*, 383 U.S. at 726–27.

Factors such as judicial economy, convenience, fairness to parties, and whether all the claims would be expected to be tried together, govern the court's decision of whether to exercise supplemental jurisdiction. *Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1569 (11th Cir. 1994). Even where, as in the present case, the federal and state claims arise out of the same factual background, the simultaneous litigation of such claims may prolong pre-trial practice; complicate the trial; lengthen and make more complex the jury instructions; potentially confuse the jury; result in inconsistent verdicts, and cause post-trial problems with respect to judgment interest and the availability of prevailing-party attorney fees. Consequently, the potential judicial economy and convenience to the parties of the court exercising supplemental jurisdiction over a state claim may be substantially offset by problems simultaneously created.

#### a. Immunity

The standards of immunity differ for state and federal law. If applied jointly, issues such as jury confusion may arise. Under federal law, the doctrine of qualified immunity protects government officials from liability for civil damages so long as "their

conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Additionally, federal qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). However, under Michigan law, a government employee must raise governmental immunity as an affirmative defense and establish three factors: "(1) the employee's challenged acts were undertaken during the course of the employment and that the employee was acting, or reasonably believed he was acting, within the scope of his authority, (2) the acts were undertaken in good faith, and (3) the acts were discretionary, rather than ministerial, in nature." *Odom v. Wayne Cty.*, 760 N.W.2d 217, 218 (Mich. 2008).

State and federal standards of immunity differ in several ways. They differ in terms of their requirements and how they are classified, state immunity being an affirmative defense and federal immunity being an immunity from suit rather than a mere defense to liability. Applying these differing standards of immunity could lead to jury confusion, inconvenience to parties, and other trial complications. A jury, while considering a single event, would be required to switch between two different standards, resulting in multiple analyses in deciding whether a defendant is entitled to federal or state immunity. This could create a risk that the jury will apply the wrong legal standard to the claim.

### b. Recoverable Damages

The damages available to Plaintiff for the federal claims and the state claim are different. A plaintiff may recover punitive damages from an individual (in his individual capacity) under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247,

6

267, 271 (1981). A plaintiff may recover exemplary damages, but not punitive damages, for a tort claim under Michigan state law. *Kewin v. Mass Mut. Life Ins. Co.*, 295 N.W.2d 50, 55 (Mich. 1980).

> "Punitive" and "exemplary" damages differ:
>
> Exemplary damages are compensation for injury to feeling and are awardable where the defendant commits a voluntary act which inspires feelings of humiliation, outrage, and indignity…. [A] plaintiff must establish that the act giving rise to the damages was voluntary, that the voluntary act inspired feelings of humiliation, outrage and indignity, and that the conduct was malicious or so willful and wanton as to demonstrate a reckless disregard of plaintiffs' rights.
>
> Punitive damages, unlike exemplary damages, are not intended to compensate the injured party but, rather, to punish the wrongdoer and to deter him or her, and others, from similar extreme conduct.

7 Mich. Civ. Jur. Damages § 161 (2013) (footnotes omitted); *see also City of Newport*, 453 U.S. at 266–67; *Ass'n Research & Dev. Corp v. CNA Financial Corp.*, 333 N.W.2d 206, 211 (Mich. Ct. App. 1983).

Given the distinction between available damages for the different claims, allowing both state and federal claims to be brought in a single action, as is the present case, may result in jury confusion and an unfair verdict because punitive damages would be allowed for some claims but not others. Consequently, a jury would be instructed that they may "punish" for an egregious § 1983 violation, but they may not "punish" for obvious violations of state law. This difference could lead a jury to award more for a proven § 1983 claim merely to "compensate" for the jury's inability to award punitive damages for the state law claims. On the other hand, a jury may reduce an award if it incorrectly concluded that, since Michigan law does not permit punitive damages, a plaintiff does not deserve punitive damages on his or her federal claims, either. Such

differences in the available damages may cause an unfair outcome and may result in an inconsistent judgment.

Compelling reasons exist for the court to not exercise supplemental jurisdiction over Plaintiff's state claim given the disparity between the state and federal claims, namely the differences in state and federal law regarding immunity and recoverable damages. Exercising supplemental jurisdiction over these claims would result in confusion, inconvenience, and potentially unfair results.

**2. "Exceptional Circumstances" For Dismissing Plaintiff's State Law Claim**

The phrase "exceptional circumstances" in 28 U.S.C. § 1367(c)(4) limits the broad discretion to deny supplemental jurisdiction, which district courts once had under *Gibbs. See, e.g.*, *Itar-Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 422, 448 (2d Cir. 1998); *Exec. Software*, 24 F.3d at 1558. However, the statute does not limit dismissal to cases that are "ridiculous" or "impractical." *Exec. Software*, 24 F.3d at 1558, 1560 (citing *Hays Cnty. Guardian v. Supple*, 969 F.2d 111 (5th Cir. 1992) (holding that exceptional circumstances were present when parallel state proceedings were underway, and therefore the adjudication of state claim would be a "waste of judicial resources")).

Exceptional circumstances are present in this case because of the likelihood of jury confusion, judicial inefficiency, substantial inconvenience to the parties, and potential unfairness in an outcome that could result if Plaintiff's state law claim was tried together with her federal claims. Though there will be some duplication of effort required by Plaintiff and Defendants if Plaintiff decides to pursue the state claim in state court, any advantages to be gained by trying all the claims together here are outweighed by

8

the potential for confusion about the issues, legal theories, defenses, and possible relief.

### III. CONCLUSION

The inclusion of Plaintiff's state claim for assault and battery with Plaintiff's federal claims brought pursuant to 42 U.S.C. § 1983 could lead to jury confusion, judicial inefficiency, inconvenience to the parties, and an unfair outcome. Additionally, the state claim would likely predominate over Plaintiff's federal claims. Pursuant to 28 U.S.C. §§ 1367(c)(2) and (4), the court declines to exercise supplemental jurisdiction over Plaintiff's state law claim. Accordingly,

IT IS ORDERED that Plaintiff's state law claim for assault and battery (Count III) is DISMISSED WITHOUT PREJUDICE.

                                              s/Robert H. Cleland     /
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated:   January 2, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 2, 2020, by electronic and/or ordinary mail.

                                              s/Lisa Wagner         /
                                              Case Manager and Deputy Clerk
                                              (810) 292-6522

S:\Cleland\Cleland\HEK\Civil\19-13702.HORTON.DismissStateLawClaimsWithoutPrejudice.HEK.docx